**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY GOODS,

               Plaintiff - Appellant,

v.

BEHROZ HAMKAR,

               Defendant - Appellee.

No. 15-15796

D.C. No. 2:12-cv-1111-MCE-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

    Gregory Goods, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and retaliation for filing grievances. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo and affirm. *See*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).

The district court properly granted summary judgment on Goods's deliberate indifference claim because Goods failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to his knee injury. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (if the harm is an isolated exception to the prisoner's overall treatment, it "'ordinarily militates against a finding of deliberate indifference'" (citation omitted)).

We do not consider issues which are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

**AFFIRMED.**

15-15796